PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 03-4500, 03-4753
_____

UNITED STATES OF AMERICA

v.

GEORGE A. WINKELMAN

Appellant at No. 03-4500
_____

UNITED STATES OF AMERICA

v.

JOHN F. WINKELMAN, JR.

Appellant at No. 03-4753
_____

On Motion to Recall the Mandate from Appeals
From the United States District Court for the Middle District of Pennsylvania
(D.C. Criminal Nos. 4-01-cr-00304-8 and 4-01-cr-00304-9)
District Judge:  The Honorable James F. McClure
_____

Before: SCIRICA and NYGAARD, Circuit Judges,
and ALARCÓN[*], Circuit Judge.


(Filed:  March 26, 2014)

---

[*]Honorable Arthur L. Alarcon, Senior Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.

—————

OPINION SUR MOTIONS TO RECALL MANDATE

—————

NYGAARD, Circuit Judge

Presently before the Court are motions by *pro se* Appellants George A. Winkelman and John F. Winkelman, Jr., to recall our mandate and to reinstate their direct appeals so they can try to seek relief under the Supreme Court's recent holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). We asked the Government to file a response to these motions, which it has done.

The brothers Winkelman have a long and protracted litigation history in this Circuit, which we need not relate in detail. It suffices to say that both of their prior cases involved challenges to the constitutionality of their sentences, which they brought as prisoners in custody, and which were filed pursuant to 28 U.S.C. § 2255. We denied certificates of appealability in each case. *See United States v. John F. Winkelman*, No. 08-1931; *United States v. George A. Winkelman*, No. 08-1932.

The Winkelmans' latest motion—to recall our mandate and reinstate their direct appeals—argues that their sentences are unconstitutional in light of the Supreme Court's holding in *Alleyne* that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury" and proved beyond a reasonable doubt. 133 S.Ct. at 2155. Of course, we have the "inherent power" to recall our mandate, but that "power can be exercised only in extraordinary circumstances." *Calderon v. Thompson*, 523 U.S. 538, 549-50 (1998); *American Iron & Steel Institute v. E.P.A.*, 560 F.2d 589,

2

594 (3d Cir. 1977), *cert. denied*, 435 U.S. 914 (1978). We are also bound by "the statutory and jurisprudential limits applicable in habeas corpus cases," *id*. at 553, and we determine whether a petition is "second or successive" by looking at "the judgment challenged." *Magwood v. Patterson*, 130 S.Ct. 2788, 2797 (2010). Here, the Winkelmans challenge the same judgment of conviction and sentence they originally contested in 2007. Accordingly, we construe the Winkelmans' latest motions as seeking relief under § 2255. Inasmuch as they previously challenged their convictions and sentences in a § 2255 petition, we have little difficulty finding these latest filings to be successive.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), cast the federal courts of appeals in the role of "gate-keeper," charging us with the responsibility of "preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction." *Blystone v. Horn*, 664 F.3d 397, 411 (3d Cir. 2011) (citations omitted). To fulfill this gate-keeping role, AEDPA directs us to dismiss any claim presented in a second or successive petition that the petitioner presented in a previous application. 28 U.S.C. § 2244(b)(1).

A successive § 2255 motion is authorized only if it is based on "newly discovered evidence," or on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. The Winkelmans argue that *Alleyne* announced a new retroactive rule of constitutional law because it overruled *Harris v. United States*, 536 U.S. 545 (2002). They cite *United States v. Booker*, 543 U.S. 220 (2005), *Blakely v. Washington*, 542 U.S. 296 (2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Almendarez-Torres v. United States*, 523 U.S. 466

3

(1998), maintaining that this combination of decisions demonstrates that the Supreme Court has made *Alleyne* retroactively applicable to cases on collateral review. We do not agree.

The Supreme Court may well have announced a new rule of law in *Alleyne*. *See, e.g., Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (holding that *Alleyne* announced a new rule of law). We make no definitive pronouncement on that question, but note that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The *Alleyne* rule was announced in a direct appeal without the Supreme Court expressly holding it to be retroactive to cases on collateral review. *See United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013). Further, "the clearest instance, of course, in which [the Supreme Court] can be said to have 'made' a new rule retroactive is where [it has] expressly held the new rule to be retroactive in a case of collateral review and applied the rule to that case." *Tyler*, 533 U.S. at 668 (O'Connor, J., concurring). But, the Supreme Court has not so stated in *Alleyne*. We note specifically that none of the cases the Supreme Court remanded for further proceedings in light of *Alleyne* involved collateral attacks on convictions.

Of course, the Supreme Court could make a new rule of law retroactive by putting it in a category of cases previously held to be retroactive. *See id.* at 668–69 (O'Connor, J., concurring). Those categories are: new substantive rules that place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe"; and new procedural rules that "are implicit in the concept of

4

ordered liberty." *Teague v. Lane*, 489 U.S. 288, 311 (1989) (citations and quotations omitted); *see also Chaidez v. United States*, 133 S.Ct. 1103, 1107 n. 3 (2013) (continuing to recognize only the two *Teague* exceptions). The latter is set aside for "watershed rules of criminal procedure" which "'alter our understanding of the bedrock procedural elements'" of the adjudicatory process. *Teague*, 489 U.S. at 311 (quoting *Mackey v. United States*, 401 U.S. 667, 693 (1971) (Harlan, J., concurring)).

The *Alleyne* decision does not fit into either category. We are not alone in this determination. *See Redd*, 735 F.3d at 91; *In re Payne*, 733 F.3d 1027 (10th Cir. 2013); *Simpson*, 721 F.3d at 876. Therefore, we now hold that *Alleyne* cannot be applied retroactively to cases on collateral review. The Winkelmans' latest motions are, consequently, denied.

It is so ordered.