ALD-206                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4825
_____

UNITED STATES OF AMERICA

v.

ANTHONY ASKEW,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-03-cr-00244-002)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for a Decision on Issuance of a Certificate of Appealability
Under 28 U.S.C. § 2253(c)(1) and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 17, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: April 29, 2014)
_____

OPINION
_____

PER CURIAM

        Anthony Askew appeals from the District Court's order denying both his motion

under 28 U.S.C. § 2255 and his motion for the return of property under Rule 41(g) of the

Federal Rules of Criminal Procedure.  We will deny a certificate of appealability

("COA") as to the first of these rulings but vacate the second and remand.

Askew was convicted of numerous federal charges arising from his participation in six armed bank robberies, and his sentence includes consecutive seven-year terms for "brandishing" a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii), as well as orders of restitution. We affirmed. See United States v. Askew, 203 F. App'x 414 (3d Cir. 2006). Askew later challenged his convictions by filing a § 2255 motion and two others. The District Court denied them, and we either denied a COA or summarily affirmed. (C.A. Nos. 10-1540, 12-3094 & 13-3912.)

At issue here are two motions that Askew subsequently filed pro se on the same day. The first is another § 2255 motion, this time arguing that the District Court found the element of "brandishing" without submitting that issue to the jury as now required by Alleyne v. United States, 133 S. Ct. 2151 (2013). The second is a motion for the return of 18 items of property that the Government allegedly seized while executing a search warrant for Askew's residence on July 8, 2003. The District Court denied both motions in a single order the day after Askew filed them, and Askew appeals.

With respect to Askew's § 2255 motion, the District Court concluded that it raised "the same" challenges Askew raised in his previous filings and denied it for the same reasons. Askew correctly argues that his Alleyne claim is not "the same" as any claim he previously asserted. Askew formerly raised claims of ineffective assistance of counsel and did not challenge the "brandishing" aspect of his sentence, let alone rely on the 2013 decision in Alleyne. This error was clearly harmless, however, and we will deny a COA

2

as to this aspect of the order for the reasons summarized in the margin.[1]

With respect to Askew's other motion, however, we will vacate and remand. A Rule 41(g) motion for the return of property is an independent civil action for equitable relief. See United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999) (addressing former Rule 41(e)). If a defendant files such a motion after the conclusion of criminal proceedings, the burden is on the Government to "demonstrate that it has a legitimate reason to retain the property." Id. at 377. In addressing such motions, the District Court generally must undertake at least some inquiry into whether the Government retains possession of the property and why. See id. at 377-78; see also United States v. Albinson, 356 F.3d 278, 281-82, 284 n.9 (3d Cir. 2004) (summarizing district courts' obligations under Chambers and to pro se litigants). We review the District Court's resolution of such motions for abuse of discretion. See Chambers, 192 F.3d at 376.

In this case, Askew asserts that the Government seized and never returned 18 items of his property and that he received no notice that he could contest the Government's retention of this property because the Government never instituted

---

[1] Although the District Court misconstrued Askew's § 2255 motion, reasonable jurists would not debate whether it should have been granted. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Askew's § 2255 motion was second or successive because it challenged the same judgment as his previous § 2255 motion. See United States v. Winkelman, — F.3d —, Nos. 03-4500 & 03-4753, 2014 WL 1228194, at *1 (3d Cir. Mar. 26, 2014). The District Court lacked jurisdiction to consider the motion because we did not authorize it to do so, and the District Court was thus obligated to dismiss it or transfer it to this Court to be treated as an application under 28 U.S.C. §§ 2244(b) and 2255(h). See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). The motion also does not satisfy the standard for filing a second or successive § 2255 motion because, as we recently held, Alleyne has not been "made retroactive to cases on collateral review by the Supreme Court[.]" Winkelman, 2014 WL 1228194, at *1 (quoting § 2244(b)(1)(A)).

3

forfeiture proceedings.  See United States v. McGlory, 202 F.3d 664, 669, 674 n.10 (3d Cir. 2000) (noting similar claim).  It does indeed appear from Askew's criminal docket that the Government may not have instituted forfeiture proceedings.  The District Court, however, denied Askew's motion without any explanation, and without any response from the Government, the day after he filed it.

No basis for the denial of this motion is immediately apparent to us.  Askew appears primarily concerned with some $25,000 in currency that the Government seized from his residence and, although we do not decide the issue on this limited record, it may well be that those funds are proceeds of his bank robberies or otherwise properly subject to the District Court's order of restitution.  See United States v. Craig, 694 F.3d 509, 512 (3d Cir. 2012).  But Askew also requests the return of numerous other items, including electronic equipment, clothing, luggage, and what the search inventory identifies as a "child support notice."  See McGlory, 202 F.3d at 674 n.10 (addressing motion for return of "household items" including a stereo system and camera).  Without any explanation or immediately apparent basis for the District Court's exercise of discretion, we are constrained to vacate its denial of this motion and remand for further consideration.  On remand, the District Court may wish to direct the Government to file a response.

For these reasons, we will deny a COA as to that aspect of the District Court's order denying Askew's § 2255 motion but will vacate that aspect of the order denying his Rule 41(g) motion and remand for further proceedings.