DLD-236                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4824
_____

JEFFREY HOLLAND,
                                Appellant

v.

*WARDEN CANAAN USP; PA STATE ATTORNEY GENERAL

*Amended pursuant to F.R.A.P. 43(c)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 13-cv-02813)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 24, 2014
Before:  SMITH, HARDIMAN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 17, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se Appellant Jeffrey Holland appeals from an order of the United States

District Court for the Middle District of Pennsylvania dismissing his habeas petition

under 28 U.S.C. § 2241. For the reasons that follow, we will affirm the judgment of the District Court.

In 2002, after a federal jury trial, Holland was convicted of manufacturing, distributing, and possessing with the intent to manufacture and distribute fifty grams or more of cocaine base (21 U.S.C. § 841(a)(1)); using a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)); and other offenses. Holland received two concurrent life sentences, plus a sixty-month consecutive sentence for the firearm conviction. We affirmed the judgment of conviction and sentence on direct appeal, and the United States Supreme Court denied Holland's petition for a writ of certiorari.

Holland's post-conviction litigation history is extensive, and because the parties are familiar with the proceedings, we present only a summary. In 2004, Holland filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion on the merits and we denied Holland's request for a certificate of appealability. Holland later filed additional unsuccessful motions for relief in District Court, including § 2241 habeas petitions filed in 2009, 2011, and 2013. In those petitions, he attempted to challenge his firearms conviction. Holland was similarly unsuccessful in his pursuit of relief in this Court, both in his appeals relating to his section 2241 habeas petitions and in his motions for leave to file a second or successive § 2255 motion. Holland's 2013 motion for leave to file a second or successive § 2255 motion was based on Alleyne v. United States, 133 S. Ct. 2151 (2013), in which the Supreme Court held that any fact that increases a minimum sentence must be submitted to the jury.

In November 2013, Holland filed another § 2241 petition in District Court, again invoking the decision in Alleyne, arguing that the application of the mandatory minimum sentence, triggered by fifty grams or more of crack cocaine, was erroneous due to the lack of trial evidence to support the jury's finding of that drug quantity.[1] The assigned Magistrate Judge recommended that the District Court dismiss the petition without prejudice to Holland requesting leave from this Court to pursue a second or successive motion. The District Court adopted the Magistrate Judge's recommendation.

Holland appeals. We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to any factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d at 249-51.

---

[1] In his petition, Holland stated that the prosecution presented trial evidence comparing the quantity of drugs with the sizes of particular objects (including a box of Kleenex, a baseball, and an orange) for the jury to make its determination of the drug quantity. (See Habeas Petition, Mem. in Support at 1.)

Holland appears to believe that § 2255 is an inadequate or ineffective remedy for bringing his Alleyne claim—and that he thus is entitled to pursue habeas relief under § 2241—because we denied his 2013 motion for leave to file a second or successive § 2255 motion that was based on Alleyne. (See Habeas Petition, Mem. in Support at 4.) Holland is mistaken. A section 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle, 290 F.3d at 539. Rather, as Holland acknowledged in his memorandum filed in the District Court, the "safety valve" provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Holland has not shown that those circumstances are present here.

The District Court did not err in dismissing Holland's § 2241 habeas petition without prejudice to his seeking authorization to file a second or successive § 2255 motion. This petition challenges the same judgment as Holland's prior § 2255 motion, and the District Court would lack jurisdiction to consider an unauthorized § 2255 motion. Even if the District Court had transferred the matter for our consideration as an application under 28 U.S.C. §§ 2244(b) and 2255(h), Holland's petition would not have succeeded in satisfying the standard for filing a second or successive § 2255 motion. We

4

recently held that <u>Alleyne</u> has not been made retroactively applicable by the Supreme Court and cannot be the basis for authorizing a second or successive § 2255 motion. <u>See</u> <u>United States v. Winkelman</u>, — F.3d —, Nos. 03-4500 & 03-4753, 2014 WL 1228194, at *2 (3d Cir. Mar. 26, 2014).

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. <u>See</u> Third Circuit LAR 27.4; I.O.P. 10.6.