J-S60006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAURICE CHAMBERS | |
| Appellant | No. 852 MDA 2014 |

Appeal from the PCRA Order March 17, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000910-1997

BEFORE: OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY OTT, J.: **FILED OCTOBER 07, 2014**

Maurice Chambers appeals *pro se* from the order entered on March 17, 2014, in the Court of Common Pleas of Luzerne County, dismissing, as untimely, his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Chambers claims his petition satisfies a statutory exception to the PCRA's time limitation, specifically Subsection 9545(b)(1)(iii) (newly-recognized constitutional right exception), and in support cites two United States Supreme Court cases, **Alleyne v. United States**, 133 S. Ct. 2151 (2013), and **Miller v. Alabama**, 132 S. Ct. 2455 (2012). Based upon the following, we affirm.

On October 27, 1997, Chambers was found guilty by a jury of second degree murder, robbery, and two counts of criminal conspiracy (robbery).[1] On December 5, 1997, he was sentenced to a term of life imprisonment on the count of second degree murder, and a concurrent term of five to ten years' imprisonment for one count of conspiracy.[2]  On direct appeal, this Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Chambers' petition for allowance of appeal. *Commonwealth v. Chambers*, 742 A.2d 201 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 749 A.2d 466 (Pa. 2000). On October 2, 2000, the United States Supreme Court denied Chambers' petition for *certiorari*. *Commonwealth v. Chambers*, 531 U.S. 853 (2000).

On February 5, 2001, Chambers filed his first *pro se* PCRA petition. Counsel was appointed and an amended petition was filed on November 25, 2002. The PCRA court denied relief on June 12, 2003.  Chambers filed a timely appeal with this Court and, in a published opinion, filed on May 17, 2004, this Court affirmed the order of the PCRA court.  *Commonwealth v. Chambers*, 852 A.2d 1197 (Pa. Super. 2004). The Pennsylvania Supreme

---

[1] *See* 18 Pa.C.S §§ 2501(a), 3701(a)(1)(i), 903(a)(1), and 903(a)(2), respectively.

[2] The robbery count merged with the count for second degree murder, and the two counts of conspiracy merged for purposes of sentencing.

Court denied Chambers' petition for allowance of appeal on March 16, 2005. ***Commonwealth v. Chambers***, 871 A.2d 188 (Pa. 2005).

On October 12, 2007, Chambers filed his second *pro se* PCRA petition. On October 20, 2009, the court dismissed the petition as untimely. On appeal, this Court affirmed the denial of PCRA relief, and the Pennsylvania Supreme Court denied Chambers' petition for allowance of appeal. ***Commonwealth v. Chambers***, 11 A.3d 1026 (Pa. Super. 2010) (unpublished opinion), *appeal denied*, 21 A.3d 1189 (Pa. 2011).

On April 24, 2012, Chambers filed a third PCRA petition, which was dismissed by the PCRA court on December 10, 2012. This Court, by *per curiam* order of March 26, 2013, quashed Chambers' appeal as untimely,[3] and the Pennsylvania Supreme Court denied Chambers' petition for allowance of appeal on October 17, 2013. ***Commonwealth v. Chambers***, 77 A.3d 1258 (Pa. 2013).

On April 24, 2013, while Chambers' appeal from the denial of relief on his third PCRA petition was still pending, Chambers filed the present petition, citing ***Miller v. Alabama, supra***. The PCRA court ordered that the petition be held in abeyance until return of the record. **See** PCRA Court Order, 5/30/2013. On July 15, 2013, Chambers filed a petition to amend his PCRA petition, citing ***Alleyne, supra***. Subsequently, on January 29, 2014, the

_____

[3] **See Commonwealth v. Chambers**, 288 MDA 2013.

PCRA court issued notice of intention to dismiss pursuant to Pa.R.Crim.P. 907. Following the filing of objections by Chambers, the PCRA court dismissed his PCRA petition on March 17, 2014. Chambers then filed this timely appeal.

Our standard of review is well settled: "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2014) (quotations and citation omitted), *cert. denied*, 134 S. Ct. 2695 (2014). "The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature." *Id.* (citation omitted).

All PCRA petitions must be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges, and the petitioner proves, that one of the three enumerated exceptions to the time for filing requirement is met. *See* 42 Pa.C.S. § 9545(b)(1). The PCRA exceptions that allow for review of an untimely petition are as follows: (1) governmental interference; (2) the discovery of previously unknown facts; and (3) a newly-recognized constitutional right. *See* 42 Pa.C.S. § 9545 (b)(1)(i)-(iii). Furthermore, the statutory exceptions to the timeliness requirements of the PCRA are subject to a separate time limitation, and any petition invoking an exception must be filed within sixty (60) days of the time the claim could first have been presented. *See* 42 Pa.C.S. §

9545(b)(2).[4]  ***See also Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011), *appeal denied*, 50 A.3d 121 (Pa. 2012).

Here, Chambers' judgment of sentence became final on October 2, 2000, when the United States Supreme Court denied his petition for *certiorari*.  ***See*** 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at  the expiration of time for seeking review").  Therefore, Chambers had until October 2, 2001 to file a timely petition. Chambers does not dispute that his petition, filed on April 24, 2013, is patently untimely.  However, Chambers invokes the newly-recognized constitutional right exception, set forth at 42 Pa.C.S. § 9545(b)(1)(iii).

Initially, we note that Subsection 9545(b)(1)(iii) applies only where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and ***has been held by that court to apply retroactively***." 42 Pa.C.S. § 9545(b)(1)(iii) (emphasis added).  This Court has reiterated:

> Subsection (iii) of section 9545 has two requirements. First, it provides that the right asserted is a constitutional

---

[4] Specifically, Section 9545(b)(2) states: "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

> right that was recognized by the Supreme Court of the United States or th[e Pennsylvania] Supreme Court after the time provided in this section. Second, it provides that the right "has been held" by that court" to apply retroactively. ***Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.***
>
> ***Commonwealth v. Abdul-Salaam***, 571 Pa. 219, 226, 812 A.2d 497, 501 (2002). ***See Commonwealth v. Copenhefer***, 596 Pa. 104, 941 A.2d 646 (2007).

***Commonwealth v. Garcia***, 23 A.3d 1059, 1063 (Pa. Super. 2011) (emphasis added), *appeal denied*, 38 A.3d 823 (Pa. 2012).

First, Chambers cites ***Alleyne v. United States, supra***, wherein the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." ***Id.*** at 2155, *citing* ***Apprendi v. New Jersey***, 530 U.S. 466, 483, n.10, 490 (2000)).[5] The relevance of

_____

[5] As noted above, Chambers filed the instant PCRA petition on April 24, 2013, and filed a petition to amend his PCRA petition, citing ***Alleyne***, on July 15, 2013. Because ***Alleyne*** was decided on June 17, 2013, Chambers did comply with 42 Pa.C.S. § 9545(b)(2) by filing the amended PCRA petition within 60 days of the Supreme Court's decision. ***See*** 42 Pa.C.S. § 9545(b)(2).

*Alleyne* to Chambers' case is unclear[6] but, in any event, no relief is due since the *Alleyne* Court did not address whether the holding would apply retroactively to cases on collateral appeal. Moreover, neither the Pennsylvania Supreme Court nor the United States Supreme Court has issued a decision giving *Alleyne* retroactive effect. Furthermore, Chambers' argument that this Court should apply *Alleyne* retroactively is unpersuasive.

_____

[6] Here, with regard to the charge of robbery, which requires that the defendant was "in the course of committing a theft," 18 Pa.C.S. § 3701, Chambers argues:

> … [T]he verdict form clearly did not mention the essential element of the robbery charge ….

> ****

> … [T]heft by unlawful taking is an element of the crime for which [Chambers] was charged, and because the fact of robbery aggravates the legally prescribed range of allowable sentences that should have been submitted to a jury….

> ****

> It is well settled that a jury cannot find the defendant guilty of robbery unless satisfied beyond reasonable doubt that he (committed a theft) or (attempted to commit a theft), both which are elements of the charged offense.

> ****

> … By law theft is essential to the penalty, it was an element of the offense. Alleyne would mean that the government cannot force a judge to impose a sentence unless the jury finds the requisite statutory factual predicate.

Chambers' *pro se* Brief at 8, 10, 11.

*See United States v. Reyes*, 755 F.3d 210 (3d Cir. 2014) (holding *Alleyne* is not retroactively applicable to cases on collateral review); *United States v. Winkelman, et al.*, 746 F.3d 134 (3d Cir. 2014) (same).[7] Accordingly, we conclude Chambers' reliance on *Alleyne* is unavailing, as he has failed to prove that "there is a new constitutional right and that the right has been held by that court to apply retroactively." *Garcia*, *supra* at 1063 (citations and quotation marks omitted).

Secondly, Chambers cites *Miller v. Alabama, supra*, wherein the United States Supreme Court held that "mandatory life without parole *for those under the age of 18* at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.*, 132 S. Ct. at 2460 (emphasis added). *Miller*, however, was decided by the United States Supreme Court on June 25, 2012, and Chambers failed to raise his claim within 60 days, as required by 42 Pa.C.S. § 9545(b)(2).[8] *See Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) ("[T]he sixty-day period [of Section 9545(b)(2)] begins to run upon the date of the

_____

[7] We recognize the holdings of federal circuit courts are not binding but may serve as persuasive authority. *Commonwealth v. Haskins*, 60 A.3d 538, 48 n.9 (Pa. Super. 2012), *appeal denied*, 78 A.3d 1090 (Pa. 2013).

[8] It was not until April 24, 2013, when Chambers filed this fourth PCRA petition, that he cited *Miller*. We note Chambers filed his third PCRA petition on April 24, 2012, and he did not amend his petition to raise *Miller* after the decision was issued on June 25, 2012. As mentioned above, the PCRA court dismissed Chambers' third petition on December 12, 2012.

underlying judicial decision." (citation omitted)). Moreover, Chambers cannot satisfy the requirements of Section 9545(b)(1)(iii) since: (1) **Miller** does not apply to Chambers because he was not under 18 years of age when he committed the underlying murder;[9] and (2) even if Chambers had been under 18 years old when he committed the murder, the Pennsylvania Supreme Court, in **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), *cert. denied*, 134 S. Ct. 2724 (2014), held that **Miller** is not retroactive and does not apply to those already serving sentences of life imprisonment. **See also Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (holding a contention that **Miller** applies to persons over 18 whose brains were immature at the time of the crime does not bring the matter within the newly recognized constitutional right exception).

Based upon our review, we agree with the PCRA court that the instant PCRA petition was untimely and no exceptions apply. Accordingly, the PCRA court properly dismissed this serial petition.

Order affirmed.

_____

[9] Chambers states he was 19 years old at the time of the murder. **See** Chambers' PCRA petition, 4/24/2013, at 4. The record, however, reflects Chambers was 20 years old at the time of the crimes. **See** PCRA Court Memorandum, 1/29/2014, at 3 ("An examination of the docket, including the criminal complaint filed in the above captioned matter, reflects Chambers' date of birth as December 15, 1976. The date of the offenses which resulted in Chambers' conviction was April 25, 1997.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/2014