J-S38030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT DURAN, III | |
| Appellant | No. 190 MDA 2015 |

Appeal from the PCRA Order entered January 5, 2015
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0000931-2006

BEFORE:  WECHT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 09, 2015**

Appellant, Albert Duran, III, appeals from the January 5, 2015 order of the Court of Common Pleas of York County denying relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The trial court summarized the relevant background as follows:

Appellant was convicted by a jury of possession of a controlled substance, possession of a small amount of marijuana, two counts of possession with intent to deliver a controlled substance, criminal conspiracy to possess a controlled substance with intent to deliver, possession of an instrument of crime, and receiving stolen property.  As a result, Appellant was sentenced on July 17, 2006 to a term of 11½ to 23 years confinement.

Following reinstatement of Appellant's direct appeal rights, the Superior Court affirmed the judgment of sentence on May 12, 2009.  Appellant filed the instant PCRA [p]etition on December 31, 2014—more than five (5) years after the judgment of sentence became final in 2009.

Trial Court Opinion, 3/4/15, at 1-2 (citations omitted).

The PCRA court denied Appellant's PCRA petition on January 5, 2015 as untimely. This appeal followed.

On appeal, Appellant raises several issues, which we can summarize in two claims. First, Appellant claims that his sentence is illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (a jury must find beyond a reasonable doubt any fact triggering a mandatory minimum sentence). Second, Appellant claims the PCRA is unconstitutional because it impermissibly abrogated the writ of habeas corpus. We conclude that Appellant is not entitled to relief on his claims.

"Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (quotation marks and citations omitted).

Before we can entertain the merits of the claims, we must first determine whether this matter is properly before us. The instant petition, which Appellant filed approximately five years after his judgment of sentence became final, ordinarily would be deemed untimely. Indeed,

> [i]t is well settled that [a]ny and all PCRA petitions must be filed within one year of the date on which the petitioner's judgment became final, unless one of three statutory exceptions applies.

> A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

*Id.* at 1061–62 (internal footnote and quotation marks omitted).

Here, Appellant's sentence became final on June 12, 2009, upon expiration of the time for seeking discretionary review, and Appellant had one year from that date to file his PCRA petition, *i.e.*, June 12, 2010. As noted, he filed his petition on December 31, 2014, over four years after the deadline. The petition is, therefore, untimely. ***See***, ***e.g.***, ***Commonwealth v. Hutchins***, 760 A.2d 50, 54 (Pa. Super. 2000). Thus, unless one of the exceptions to the PCRA's timeliness requirements applies, we cannot review the merits of Appellant's claims. ***Id.*** at 53.

The exceptions to the PCRA's timeliness requirements are set forth in 42 Pa.C.S.A. § 9545, which, in relevant part, provides as follows:

**(b) Time for filing petition.**—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1) and (2).

According to Appellant, *Alleyne* created a new constitutional right. Thus, Appellant believes, his *Alleyne*-based claim is timely under Section 42 Pa.C.S.A. § 9545(b)(1)(iii). On the merits, Appellant believes that imposition of the mandatory minimum sentence under section 42 Pa.C.S.A. § 9712.1[1] is unconstitutional under *Alleyne*. We disagree.

_____

[1] Section 9712.1 provided, in relevant part:

**(a) Mandatory sentence.--**Any person who is convicted of [violating 35 P.S. § 780-113(a)(30)] when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.

**(c) Proof at sentencing.--**Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall

*(Footnote Continued Next Page)*

- 4 -

Appellant's case was at the collateral stage when *Alleyne* was decided (June 23, 2013), and *Alleyne* does not apply retroactively to cases on collateral review. *Commonwealth v. Riggle*, 2015 PA Super 147, 2015 Pa. Super. LEXIS 399, at *15-16 (filed July 7, 2015); *accord Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (*Alleyne* did not trigger the newly-retroactive-constitutional-right exception to the PCRA's time bar); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014) ("[W]e now hold that *Alleyne* cannot be applied retroactively to cases on collateral review."). *Alleyne* is retroactive only to cases that were still on **direct** review when it was decided—June 23, 2013. Because Appellant's case was no longer on direct review when *Alleyne* was decided, he is not entitled to relief under *Alleyne*.[2]

_(Footnote Continued)_ ————————————

> afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9712.1(a) and (c) (other subsections omitted). In *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), we held that § 9712.1(c) violates *Alleyne*. We further held that subsection (c) could not be severed from the remainder of § 9712.1, making the statute unconstitutional *in toto*. Applying similar logic, our Supreme Court recently held unconstitutional 18 Pa.C.S.A. § 6317, which has the same language as 42 Pa.C.S.A. § 9712.1(c). *See Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015).

[2] Even if we were to conclude that *Alleyne* applies here, the instant petition would nonetheless be untimely because Appellant failed to file his instant petition within 60 days of the issuance of *Alleyne*. *See* 42 Pa.C.S.A.
_(Footnote Continued Next Page)_

Appellant next argues the PCRA is unconstitutional because it impermissibly abrogated the remedy of habeas corpus, a remedy specifically provided for in the Pennsylvania Constitution. This claim is meritless.

First, Appellant provides no authority for this claim. As such, the claim is waived. *See* Pa.R.A.P. 2119(a). Second, the PCRA has not abrogated the remedy of habeas corpus. In fact, the PCRA subsumes the writ of habeas corpus, and habeas corpus provides an independent basis for relief in those cases when there is no remedy under the PCRA. ***See***, ***e.g.***, ***Commonwealth v. Fahy***, 737 A.2d 214, 223-24 (Pa. 1999); ***Commonwealth v. Peterkin***, 722 A.2d 638, 639-41 (Pa. 1998).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2015

---

*(Footnote Continued)* —————

§ 9545(b)(2). As noted, Appellant filed his petition on December 31, 2014, 556 days after the publication of ***Alleyne*** (June 23, 2013).