J. S64005/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID ORTIZ-LOPEZ, | : | No. 797 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, May 4, 2015,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0001284-2011

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED DECEMBER 01, 2015**

David Ortiz-Lopez appeals *pro se* from the order filed in the Court of Common Pleas of Berks County which dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

On August 3, 2010, appellant sold two packets of cocaine to an undercover police officer for $20.  On August 5, 2010, appellant again sold two packets of cocaine to an undercover police officer for $20.  Both of these transactions occurred within 1,000 feet of the 10th & Penn Elementary School in Reading, Pennsylvania.

On April 8, 2011, appellant was charged with various violations of the Controlled Substance, Drug, Device and Cosmetic Act, including:  two counts each of delivery of a controlled substance -- cocaine; possession with the

---

* Former Justice specially assigned to the Superior Court.

intent to distribute a controlled substance -- cocaine; and possession of a controlled substance -- cocaine.[1]  On April 27, 2011, the Commonwealth filed its notice requesting a two-year mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 6317 because the offense occurred in a drug free school zone.  (Docket #8).[2]

On November 29, 2011, appellant entered a guilty plea to the two counts of delivery of a controlled substance -- cocaine, and he was sentenced to 3 to 7 years of incarceration.  No post-sentence motions or direct appeal were filed.

On January 23, 2015, appellant filed a PCRA petition challenging the validity of his sentence **_nunc pro tunc_**.  On March 9, 2015, appointed

---

[1] 35 P.S. §§ 780-113(a)(30) and (16), respectively.

[2] 18 Pa.C.S.A. § 6317(a) provides:

> **General rule.--**A person 18 years of age or older who is convicted in any court of this Commonwealth of a violation of section 13(a)(14) or (30) of . . . the Controlled Substance, Drug, Device and Cosmetic Act, shall, if the delivery or possession with intent to deliver of the controlled substance occurred within 1,000 feet of the real property on which is located a public, private or parochial school or a college or university or within 250 feet of the real property on which is located a recreation center or playground or on a school bus, be sentenced to a minimum sentence of at least two years of total confinement . . .

counsel, J. Allen Daringer, Esq., filed a **Turner**/**Finley**[3] "No Merit" letter and a petition to withdraw. (Docket #22). On March 14, 2015, the PCRA court granted Attorney Daringer's request; and three days later, the PCRA court issued its Pa.R.Crim.P. 907(1) notice of intent to dismiss the petition without a hearing. (Docket #25). Although appellant filed a response to this notice, the PCRA court determined that it lacked jurisdiction and dismissed the petition on April 20, 2015.

On appeal, appellant argues[4] that his two-year mandatory minimum sentence under § 6317(a) was unconstitutional under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). He requests that we remand his case for resentencing. Before we may address the merits of appellant's arguments, we must first consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. **Commonwealth**

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Pennsylvania v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

[4] Appellant's brief does not contain a statement of questions involved.

*v. Cruz*, 852 A.2d 287 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); *Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005).

In this case, appellant's PCRA petition is facially untimely. Appellant entered his guilty plea and was sentenced on November 29, 2011. Since no appeal was filed, appellant's sentence became final on December 29, 2011, which was 30 days from the judgment of sentence. Appellant had one year from this date, or until December 29, 2012, to file a PCRA petition. Appellant filed his PCRA petition on January 23, 2015, which is more than two years after the deadline imposed by the PCRA.

There are three narrow exceptions to the PCRA's timeliness requirements which are set forth in 42 Pa.C.S.A. § 9545:

> **(b)   Time for filing petition--**
>
>> (1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of

> the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

The defendant has the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa.Super. 2008).

Appellant does not appear to argue that he has met any of the timeliness exceptions at 42 Pa.C.S.A. § 9545(b)(1). Instead, he argues that

18 Pa.C.S.A. § 6317(a) is void **ab initio**, and that his sentence was, therefore, illegal regardless of <u>when</u> he asked the PCRA court for relief. He claims that this court conducted an independent analysis of mandatory sentencing statutes in **Commonwealth v. Mundy**, 78 A.3d 661 (Pa.Super. 2013), and **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (**en banc**), and found them to be "null and void." Therefore, a sentence that is void **ab initio** can be addressed at any time, in any form, and is non-waivable. He argues that because is sentence was void **ab initio** his PCRA petition was timely filed. We disagree.

In **Mundy**, we held that a challenge to the legality of a sentence may be raised as a matter of right, is non-waivable, and may be entertained <u>so long as the reviewing court has jurisdiction.</u> **See also Commonwealth v. Cardwell**, 105 A.3d 748 (Pa.Super. 2014); **Commonwealth v. Fennell**, 105 A.3d 13 (Pa.Super. 2014) (a challenge to the legality of a sentence may be entertained as long as the reviewing court has jurisdiction). In **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999), our supreme court held: "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the [jurisdictional] exceptions thereto." **See also Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) ("although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition.").

As appellant's PCRA petition is clearly untimely and appellant has failed to plead and prove the applicability of any exception to the PCRA's time-of-filing requirements, the PCRA court lacked jurisdiction to consider the merits of appellant's issues and did not err in dismissing appellant's petition without an evidentiary hearing.[5]

Order affirmed.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 12/1/2015

---

[5] Even if appellant had invoked the newly recognized constitutional right exception, his PCRA petition was untimely.  This exception applies when a new constitutional right is recognized which has been found to apply retroactively.   We have recently held that **Alleyne** does not apply retroactively to cases on collateral review. **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa.Super. 2015); **accord Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa.Super. 2014) (**Alleyne** did not trigger the newly-retroactive-constitutional-right exception to the PCRA's time bar); **United States v. Winkelman**, 746 F.3d 134, 136 (3d Cir. 2014) ("[W]e now hold that **Alleyne** cannot be applied retroactively to cases on collateral review."). **Alleyne** is retroactive only to cases that were still on direct review when it was decided on June 23, 2013.  Here, appellant's case was at the collateral stage when **Alleyne** was decided on June 23, 2013.  Because appellant's case was no longer on direct review when **Alleyne** was decided, the timeliness exception at 42 Pa.C.S.A. § 9545 (b)(1)(iii) would not apply.