J-S14044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS CROCKETT, | : | |
| | : | |
| Appellant | : | No. 2854 EDA 2014 |

Appeal from the PCRA Order entered on September 19, 2014
in the Court of Common Pleas of Montgomery County,
Criminal Division, No. CP-46-CR-0002334-2007

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 30, 2015**

Nicholas Crockett ("Crockett") appeals the Order dismissing his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the relevant factual and procedural history in its Opinion, which we incorporate herein by reference for purposes of this appeal.  **See** PCRA Court Opinion, 10/30/14, 1-4.

On appeal, Crockett, *pro se*, raises the following issues for our review:

1. Did the trial court err in failing to find [Crockett's] second PCRA Petition timely under **Commonwealth v. Lark**, 746 A[.]2d 585, 588 (Pa.[]2000), requiring [Crockett] to wait for the out come [*sic*] of his first [] [PCRA] Petition?

2. Did the trial court err in failing to find [that Crockett's] sentence is illegal/unconstitutional based on already [*sic*] preserving this issue on direct appeal, and based on the

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

> holdings in ***Alleyne v. U.S.***, 133[] S.[]Ct. 2151 (2013) and ***Commonwealth v. Newman***, [99 A.3d 86] ([Pa. Super.] 2014)?

Brief for Appellant at 3 (capitalization omitted).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

As Crockett's issues are related, we will address them together. Crockett contends that his first PCRA Petition was timely. Brief for Appellant at 8. Crockett asserts that, because ***Alleyne*** was decided while he was actively appealing the denial of his first PCRA Petition, he was permitted to file his second Petition, raising an ***Alleyne*** argument, within sixty days of the final Order on his first Petition. ***Id***. at 8-9. Crockett claims that his second Petition was timely filed within the sixty-day period following the Pennsylvania Supreme Court's denial of his Petition for Allowance of Appeal of the Order dismissing his first Petition. ***Id***. at 9.

Crockett also contends that the PCRA court erred by failing to find that his sentence is illegal based on a retroactive application of ***Alleyne***. ***Id***. at 9-11. Crockett asserts that ***Alleyne*** is to be applied retroactively, pursuant to this Court's decision in ***Newman***. ***Id***. at 11.

The PCRA court succinctly addressed Crockett's issues, set forth the relevant law, and concluded that they lack merit. **See** PCRA Court Opinion, 10/30/14, 4-10. We agree with the sound reasoning of the PCRA court and affirm on this basis as to Crockett's claims on appeal. **See id**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2015

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  : NO. 2334-07

V.  :

NICHOLAS CROCKETT  :

2014 OCT 30 PH 12:06

CLERK OF COURTS OFFICE MONTGOMERY COUNTY PENNA.

## OPINION

FURBER, P.J.                                          October 30, 2014

Nicholas Crockett has appealed to the Superior Court of Pennsylvania from our final order, dated September 18, 2014, dismissing as time-barred his second petition pursuant to the Post Conviction Relief Act. We believe that defendant's appeal is without merit.

## Background

On July 3, 2008, following trial before the undersigned and a jury, defendant – then represented by Francis M. Walsh, Esquire – was convicted of aggravated assault[1], burglary[2], two counts of recklessly endangering another person[3], and related offenses.

A detailed recitation of the facts of this case may be found in our opinion dated July 22, 2009, addressing defendant's direct appeal. Stated succinctly, defendant forced his way inside a residence in Pottstown, Montgomery County, Pennsylvania, in search of an individual named Julious Colzie. Rushing through the house and into the kitchen – where multiple

---

[1] 18 Pa.C.S. §2702(a)(1)
[2] 18 Pa.C.S. §3502(a)
[3] 18 Pa.C.S. §2705



people were present – defendant fired three shots from a handgun in the direction of Colzie as Colzie and another individual fled out the back door[4].

On September 10, 2008, the Commonwealth filed notice of it's intention to seek five year mandatory minimum sentences on defendant's convictions for burglary and aggravated assault, pursuant to 42 Pa.C.S.A. §9712(a), on the basis that the offenses were committed while the defendant visibly possessed a firearm.

Defendant appeared before the undersigned for sentencing on December 12, 2008. Following hearing, the court imposed the mandatory minimum sentences on defendant's convictions for aggravated assault and burglary, directing that these sentences of not less than five (5) nor more than ten (10) years imprisonment be served consecutively. The undersigned also imposed a consecutive sentences of not less than three (3) nor more than six (6) years imprisonment on defendant's conviction for firearms not to be carried without a license, and consecutive sentences of not less than six (6) nor more than twelve (12) months imprisonment on each of defendant's two convictions for recklessly endangering another person. Defendant thus received an aggregate sentence of not less than fourteen (14) nor more than twenty-eight (28) years imprisonment.

Defendant filed a direct appeal to the Superior Court of Pennsylvania, which that court denied by memorandum opinion dated July 26, 2010 (1523 EDA 2009). Defendant's petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on November 30, 2010 (139 MAL 2010).

On December 5, 2011, defendant filed, *pro se*, a timely first petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §9541, *et seq.*, raising numerous claims of ineffective assistance of counsel on the part of his

---

[4] Fortunately, no one was struck by the shots fired by defendant.

2

preliminary hearing counsel (John I. McMahon, Jr., Esquire) and his trial and appellate counsel (Mr. Walsh). The undersigned appointed Patrick J. McMenamin, Jr., Esquire, to represent defendant as PCRA counsel. On March 7, 2012, Mr. McMenamin forwarded to this court a detailed "no merit" letter, pursuant to *Commonwealth v. Finley,* 550 A.2d 213 (Pa. Super. 1988), stating Mr. McMenamin's opinion that defendant was not entitled to PCRA relief. Following an independent review of the record, the undersigned determined that Mr. McMenamin was correct, and that defendant was not entitled to PCRA relief. Accordingly, on May 23, 2012, the undersigned notified defendant, pursuant to Pa.R.Crim.P. 907(1), of this court's intention to dismiss his first PCRA petition without a hearing.

Rather than filing his optional response to this court's Rule 907(1) Notice – and despite having been explicitly advised that said Rule 907(1) Notice did *not* constitute a final, appealable order – defendant nonetheless filed an appeal from the Rule 907(1) Notice to the Superior Court of Pennsylvania. The Superior Court dismissed said appeal by order dated October 2, 2012 (1714 EDA 2012), and remanded the record to the Montgomery County Court of Common Pleas.

On December 13, 2012, the undersigned entered this court's final order dismissing defendant's first PCRA petition. Defendant appealed to the Superior Court, which affirmed our order of dismissal by memorandum opinion dated October 1, 2013 (101 EDA 2013). By order dated March 26, 2014, the Supreme Court of Pennsylvania denied defendant's petition for allowance of appeal (912 MAL 2013).

On May 30, 2014, defendant filed, *pro se,* the instant PCRA petition, his second. The petition on its face is dated May 23, 2014, and the envelope in which the petition was mailed is postmarked May 27, 2014.

3

Upon review, the undersigned determined that defendant's second PCRA petition was time-barred. Accordingly, on August 7, 2014, the undersigned entered this court's Notice Pursuant to Pa.R.Crim.P. 907(1), informing defendant of our intention to dismiss his second PCRA petition without a hearing. Defendant did not file a response to our Rule 907(1) Notice and, on September 18, 2014, the undersigned accordingly entered our final order dismissing defendant's second PCRA petition.

On October 6, 2014, defendant filed a timely appeal to the Superior Court of Pennsylvania. On October 28, 2014, the undersigned received a copy of defendant's statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). For the reasons that follow, we believe that defendant's second PCRA petition was properly dismissed and that defendant is not entitled to appellate relief.

## Discussion

In his second PCRA petition, defendant contends that the mandatory minimum sentences imposed upon him for aggravated assault and burglary have been rendered unconstitutional by the decision of the Supreme Court of the United States in *Alleyne v. United States*, 570 U.S., 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). In *Alleyne*, the Court held that any fact triggering the imposition of a mandatory minimum sentence is an element of the offense that must be submitted to a jury and found beyond a reasonable doubt.

The holding of *Alleyne* cast serious doubt on the constitutionality of a number of Pennsylvania's mandatory minimum sentencing statutes – including 42 Pa.C.S.A. §9712 – in that those statutes specify that the requisite triggering facts are *not* to be treated as elements of the offense, and in that the statutes direct that it is the *sentencing judge* who determines the

4

existence of the triggering facts under a *preponderance of the evidence* standard. Indeed, on March 21, 2014, the undersigned entered an order in the consolidated cases of *Commonwealth v. Khalil Brockington* (No. 9311-12), *Commonwealth v. Khalil Blakeney* (No. 2521-13), and *Commonwealth v. William Bates* (No. 139-13) which explicitly held that three of Pennsylvania's mandatory minimum sentencing statutes that are similar in construction to §9712 are unconstitutional under *Alleyne*[5].

Subsequently, in *Commonwealth v. Newman*, ___ A.3d ___ (2014 PA. Super. 178, decided August 20, 2014), the Superior Court of Pennsylvania held that *Alleyne* rendered unconstitutional the mandatory minimum sentencing scheme codified at 42 Pa.C.S.A. §9712.1. See also, *Commonwealth v. Valentine*, ___ A.3d ___ (2014 PA. Super. 220, decided October 4, 2014).

We thus believe that defendant is correct when he asserts that both this court and the Superior Court of Pennsylvania have held that *Alleyne* renders unconstitutional the mandatory minimum sentencing statute under which he was sentenced. Defendant, however, is still not entitled to PCRA relief on his claim, which is time-barred on its face.

The gravamen of defendant's claim is that *Alleyne* has rendered his sentence illegal. Unfortunately for defendant, it is well-settled that, while claims of illegal sentence cannot be *waived,* such claims nonetheless remain subject to the time requirements of the Post Conviction Relief Act. See, e.g., *Commonwealth v. Taylor,* 65 A.3d 462 (Pa. Super. 2013), *Commonwealth v. Grafton,* 928 A.2d 1112 (Pa. Super. 2007).

Pursuant to 42 Pa.C.S.A. §9545(b)(1), all PCRA petitions – *including second and subsequent petitions* – normally must be filed within one year

---

[5] These cases are currently on appeal in the Supreme Court of Pennsylvania at 36 MAP 2014, 37 MAP 2014, and 38 MAP 2014.

from the date the petitioner's judgment of sentence became final. This time limitation is mandatory and jurisdictional, and the courts are without authority to grant relief on the basis of an untimely PCRA petition, regardless of whether the petition would have had merit had it been timely filed. *See, e.g., Commonwealth v. Williams,* 35 A.3d 44, 52 (Pa. Super. 2011), holding that "no court has jurisdiction to hear an untimely PCRA petition." *See also, Commonwealth v. Albrecht,* 994 A.2d 191 (Pa. 2010), *Commonwealth v. Howard,* 567 Pa. 481, 788 A.2d 351 (2002), *Commonwealth v. McKeever,* 947 A.2d 782, 784-785 (Pa. Super. 2008), *Commonwealth v. Palmer,* 814 A.2d 700 (Pa. Super. 2002).

In the case *sub judice,* the Supreme Court of Pennsylvania denied defendant's petition for allowance of appeal from his judgment of sentence on November 30, 2010. Pursuant to 42 Pa.C.S.A. §9545(b)(3), defendant's sentence thus became final for PCRA purposes ninety (90) days later – on February 28, 2011 – when the time expired for defendant to seek further review in the Supreme Court of the United States. Accordingly, defendant had one year from February 28, 2011 in which to file a timely PCRA petition. Defendant's *first* PCRA, which was docketed on December 5, 2011, was clearly timely. The instant petition – which is dated May 23, 2014, was mailed on May 27, 2014, and was docketed on May 30, 2014 – is patently untimely on its face.

In order to be considered on its merits, any PCRA petition that is filed *after* the expiration of the Act's one-year filing period must plead and establish the applicability of one of the three statutory exceptions to §9545(b)(1), which are enumerated at §9545(b)(1)(i-iii). The courts have no authority to recognize any additional exceptions – either equitable or otherwise – beyond these three statutory exceptions. *See, e.g.,*

6

*Commonwealth v. Harris,* 972 A.2d 1196, 1199-1200 (Pa. Super. 2009), *appeal denied,* 982 A.2d 1227 (Pa. 2009). See also, *Commonwealth v. Robinson,* 837 A.2d 1157, 1161 (Pa. 2003), *Commonwealth v. Burton,* 936 A.2d 520 (Pa. Super. 2007).

§9545(b)(1)(i) permits consideration of the merits of a facially untimely PCRA petition where:

> "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States."

§9545(b)(1)(ii) permits consideration of the merits of a facially untimely PCRA petition where:

> "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."

§9545(b)(1)(iii) permits the consideration of the merits of a facially untimely PCRA petition where:

> "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

In the instant case, defendant contends that he is entitled to a review on the merits of his second PCRA petition under authority of the exception enumerated at §9545(b)(1)(iii), which provides that courts may review the merits of a facially untimely PCRA petition that asserts a claim for relief pursuant to a newly-recognized constitutional right. Defendant is mistaken.

In addition to requiring that the petitioner's claim for relief relies upon a newly-recognized constitutional right, §9545(b)(1)(iii) *further* requires that the court which recognized this right must have held that the right is to be

7

given retroactive effect. As we explained to defendant in our Rule 907(1) Notice, there is nothing in the opinion of the Supreme Court of the United States in *Alleyne* indicating an intention on the part of that Court to recognize a new constitutional right that is to be accorded retroactive effect on post-conviction collateral review. As we further explained, neither the Supreme Court of Pennsylvania, nor any appellate court of this Commonwealth, has held that *Alleyne* is to be given such retroactive effect. We noted, indeed, that in *United States v. Winkleman*, 746 F.3d 134 (U.S.C.A., 2014), the Third Circuit explicitly held that even if *Alleyne* is interpreted as enunciating a newly-recognized constitutional right, that right is *not* applicable retroactively to cases on post-conviction collateral review.

On September 26, 2014, our Superior Court entered its opinion in *Commonwealth v. Miller*, ___ A.3d ___ (2014 PA Super 214), confirming that a PCRA petitioner may *not* rely upon the decision of the Supreme Court of the United States in *Alleyne* to avail himself of the exception to the time requirements of the Post Conviction Relief Act codified at §9545(b)(1)(iii). In *Miller*, the Superior Court held, in pertinent part:

> "Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable in those cases. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar." (citations omitted).

Defendant's second PCRA petition is thus time-barred in that defendant is unable to demonstrate the applicability of an exception to the time requirements of the Post Conviction Relief Act.

In paragraph one (1) of his Rule 1925(b) statement, defendant contends that his PCRA petition is not untimely "pursuant to the petitioner's mailbox rule." Defendant is mistaken. The prisoner mailbox rule has no application to this case. As explained above, in order to be facially timely, defendant's second PCRA petition would need to have been filed by February 28, 2012. The instant petition is dated May 23, 2014, and thus is untimely on its face by more than two years.

In paragraph two (2) of his Rule 1925(b) statement, defendant contends that this court erred in dismissing his second PCRA petition as time-barred because *Commonwealth v. Newman, supra*, provides that *Alleyne*'s holding *is* to be given retroactive effect. Defendant misapprehends the holding of *Newman*. *Newman* held that *Alleyne* is to be given retroactive effect *to cases that were pending on direct appeal* at the time the decision in *Alleyne* was issued. *Newman* did *not* speak to the issue of whether *Alleyne* would apply retroactively to cases *on post-conviction collateral review* where the defendant's direct appeal was already finally decided. As noted above, the subsequent decision of the Superior Court in *Miller* addresses this precise issue and holds that *Alleyne* does *not* apply retroactively to cases on post-conviction collateral review.

In conclusion, we note that defendant's second PCRA petition would be properly dismissed as time-barred even if *Alleyne*'s holding *did* apply retroactively to cases on post-conviction collateral review. This is so because 42 Pa. C.S.A. §9545(b)(2) requires that any PCRA claim relying upon an exception to the time requirements of the Post Conviction Relief Act *must* be filed within sixty (60) days of the date the claim could have been raised. Thus, when a petitioner seeks to rely upon §9545(b)(1)(iii), the petitioner's claim must be filed within sixty (60) days of entry of the decision announcing

9

the newly-recognized principle of constitutional law. See, *Commonwealth v. Leggett,* 16 A.3d 1144 (Pa. Super. 2011). See also, *Commonwealth v. Brandon,* 51 A.3d 231 (Pa. Super. 2012). The Supreme Court of the United States entered its decision in *Alleyne* on June 17, 2013. Defendant's second PCRA petition in the instant case is dated May 23, 2014, obviously well over sixty (60) days after entry of the decision in *Alleyne.*

For all of the foregoing reasons, we believe that our order dated September 18, dismissing defendant's second PCRA petition, should be affirmed.

BY THE COURT:

_____
WILLIAM J. FURBER, JR., P.J.

Copies of the above Notice
mailed to the following
on     October 30                  ,2014:
Robert Martin Falin, Esquire, Deputy District Attorney, Chief of Appeals (interoffice mail)
Nicholas Crockett, #JG-9068 (first class mail)
Clerk of Courts (interoffice mail)

_____
Secretary

10