J-S69002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHN KOWAL | |
| Appellant | No. 1349 WDA 2016 |

Appeal from the PCRA Order August 5, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000473-2006

BEFORE: BOWES, RANSOM, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:              **FILED NOVEMBER 16, 2017**

John Kowal appeals *pro se* from the August 5, 2016 order denying him PCRA relief. We affirm.

On August 3, 2007, Appellant was found guilty of one count of involuntary deviate sexual intercourse with a victim who was less than sixteen years old, three counts each of aggravated indecent assault and indecent assault of a person who was less than sixteen years old, and six counts of corruption of a minor. The PCRA court briefly summarized the facts supporting Appellant's convictions:

> From 2004 to 2005, Defendant, then approximately forty-six (46) years old, engaged in a series of instances of inappropriate contact with J.O., then a thirteen (13) year old minor child (hereinafter "Victim"), which began with discussing personal issues with her, then led to "French kissing" and ultimately, four (4) instances of sexual assault. The first assault was during a "movie night" orchestrated by

* Former Justice specially assigned to the Superior Court.

Defendant, when, in his home, and with Victim's sister and Defendant's stepsons (all minors) in the room, Defendant digitally penetrated Victim's vagina for approximately thirty (30) seconds. The second, approximately two weeks later, occurred when Victim returned home from school. Defendant followed her into her home and again digitally penetrated her vagina. The third incident occurred during another "movie night," when Defendant again, with Victim's sister and Defendant's stepsons in the room, digitally penetrated Victim's vagina for approximately one (1) minute. Finally, the fourth incident also occurred during a "movie night," when Victim was awoken from her sleep on Defendant's sofa by what was described as a hard, probably plastic object entering her anus.

During this time period, it was stated at trial that Defendant had been treating Victim as his girlfriend - taking Victim shopping, taking her to lunch, and engaging in intimate conversations with Victim. Victim also testified that Defendant had also offered Victim alcohol during one of the "movie nights," and threatened to hurt her family and take away her friends at school if she told anyone what he had done to her.

Trial Court Opinion, 2/16/17, at 1-2 (footnotes omitted).

Appellant was sentenced to twenty-one to forty-two years imprisonment, and, on appeal, we affirmed, concluding that all of Appellant's issues were waived since they were not included in his Pa.R.A.P. 1925(b) statement. *Commonwealth v. Kowal*, 986 A.2d 1258 (Pa.Super. 2009) (unpublished memorandum). Appellant filed a timely PCRA petition seeking restoration of his appellate rights, which was granted. On direct appeal, we affirmed, addressing and rejecting seven contentions raised by Appellant. *Commonwealth v. Kowal*, 96 A.3d 1093 (Pa.Super. 2014) (unpublished memorandum).

Appellant filed a timely *pro* se PCRA petition. In his petition, Appellant asserted that his trial attorney was ineffective and his sentence was illegal. Appellant's specific averments were that trial counsel was ineffective for neglecting to: 1) investigate his case and prepare a defense; 2) object to improper cross-examination of Appellant; and 3) complain about the trial court's improper inclusion in plea negotiations. Appellant additionally averred that his sentence was illegal, unconstitutional, and excessive. Finally, he suggested that there were numerous errors, which had a cumulative effect of undermining the reliability of his guilty verdict. The court PCRA court appointed Stephen Paul, Esquire, to represent Appellant. Mr. Paul moved to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and; **Commonwealth v. Finley,** 550 A.2d 213 (Pa.Super. 1988) (*en banc*), based on his conclusion that Appellant's averments lacked merit.

The PCRA court provided Appellant with Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, and Appellant responded to the notice. The court then allowed counsel to withdraw, and denied relief. This appeal, wherein Appellant raised the following issues, followed:

> (1) Was Appellant denied a meaningful review of his first PCRA Petition and denied a hearing due to the ineffectiveness of his court-appointed PCRA counsel, as well as the PCRA Courts' [usurpation] of Pennsylvania rules and statutes of the Commonwealth of PA, and relevant case law; in violation of Article I, Section(s) 9 and 14 of the PA Constitution, and the 5th, 6th and 14th amendments to the U.S. Constitution; and was

- 3 -

Appellant prejudiced by PCRA Counsel and the PCRA Court's wholesale declaration that none of Appellant's PCRA claims had merit, also denying Appellant the opportunity for cumulative error review?

(2) Was the PCRA Court in error in failing to conduct an impartial evidentiary hearing, and in denying Appellant's claim that trial counsel was ineffective for failing to object to the trial judge's participation with direct, behind close[d] doors plea negotiations in his chambers the morning of the first day of trial; and was the PCRA Court in error in failing to conduct an impartial evidentiary hearing and to provide requested discovery in the form of transcripts related to a pretrial *ex parte* meeting in judge's chambers six weeks prior to the start of trial, of which could support Appellant's claims that inappropriate and false information was relayed by counsel to the trial judge, resulting in prejudicial and biased conduct by the trial judge at subsequent hearings, trial, sentencing, and on appeal?

(3) Was the sentencing court in error when mandatory minimum sentencing considerations were presented at a pretrial hearing by the trial court, and then later used in fashioning his sentence following his conviction; and was direct appeal counsel ineffective for failing to properly preserve, and present the claim on direct appeal a mandated by recently decided federal (Alleyne) and PA state (Washington) case law which limited the time for seeking relief to only those Pennsylvania defendants on direct appeal?

Appellant's brief at 2-3.

Initially, we observe, "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269 (Pa.Super. 2016). Appellant's first two issues concern trial counsel's ineffectiveness, and his final claim is that he was improperly sentenced to unconstitutional

mandatory minimum sentences. We examine allegations of ineffective assistance of counsel under the following standards:

> Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id***. A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

> ***Commonwealth v. Busanet***, 618 Pa. 1, 54 A.3d 34, 35, 45 (2012). Furthermore, "in accord with these well-established criteria for review, an appellant must set forth and individually discuss substantively each prong of the *Pierce* test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa.Super. 2009).

***Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa.Super. 2016).

After consideration of the facts, briefs, and applicable law, we affirm the denial of relief with respect to the first two issues on the basis of the thorough and well-reasoned February 16, 2017 opinion of the PCRA court. Regarding Appellant's final issue, we note that the record substantiates that Appellant's sentences were imposed pursuant to the sentencing guidelines, and the sentencing court did not utilize a mandatory minimum sentencing

statute. N.T. Sentencing, 11/27/07; Trial Court Opinion, 7/31/08, at 8-11.

Thus, Appellant's sentencing challenge is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2017

THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    )
)
)
vs.    )
)    No. 473-2006
)
JOHN KOWAL    )
Defendant.    )
)

## OPINION OF COURT

This matter comes before the Court upon Defendant's appeal from the PCRA court's

Order dated August 2, 2016, denying his Post Conviction Relief Act (PCRA) Petition.

On August 30, 2016, Defendant, John Kowal (hereinafter referred to as "Defendant"), pro

se, filed a Notice of Appeal to the Superior Court from the denial of his PCRA petition.

### Factual History

The facts of the case, briefly summarized, are as follows:

From 2004 to 2005, Defendant, then approximately forty-six (46) years old, engaged in a

series of instances of inappropriate contact with J.O., then a thirteen (13) year old minor child

(hereinafter "Victim"), which began with discussing personal issues with her, then led to "french

kiss[ing]"[1] and ultimately, four (4) instances of sexual assault. The first assault was during a

"movie night" orchestrated by Defendant, when, in his home, and with Victim's sister and

Defendant's stepsons (all minors) in the room, Defendant digitally penetrated Victim's vagina

for approximately thirty (30) seconds.[2] The second, approximately two weeks later, occurred

when Victim returned home from school. Defendant followed her into her home and again

---

[1] *See* TT 275-300.
[2] TT 230-236.

1

digitally penetrated her vagina.[3] The third incident occurred during another "movie night," when Defendant again, with Victim's sister and Defendant's stepsons in the room, digitally penetrated Victim's vagina for approximately one (1) minute.[4] Finally, the fourth incident also occurred during a "movie night," when Victim was awoken from her sleep on Defendant's sofa by what was described as a hard, probably plastic object entering her anus.[5] It was suggested, but never confirmed, that this object was a television remote control.

During this time period, it was stated at trial that Defendant had been treating Victim as his girlfriend – taking Victim shopping, taking her to lunch, and engaging in intimate conversations with Victim.[6] Victim also testified that Defendant had also offered Victim alcohol during one of the "movie nights," and threatened to hurt her family and take away her friends at school if she told anyone what he had done to her.[7]

## Procedural History

The Canonsburg Police Department filed a criminal complaint against Defendant on December 20, 2005,[8] whereby Defendant was arrested and charged with three (3) counts of Aggravated Indecent Assault of a Person Less than 16 Years of Age[9], three (3) counts of Indecent Assault of a Person Less than 16 Years of Age,[10] six (6) counts of Corruption of Minors,[11] and one (1) count of Involuntary Deviate Sexual Intercourse of a Person Less than 16 Years of Age.[12] After Defendant's scheduled preliminary arraignment and preliminary hearing, the Commonwealth filed the criminal information on April 26, 2006, charging Defendant with

---

[3] TT 237-239.
[4] *See* TT 240.
[5] TT 243-245.
[6] *See* TT 240-241.
[7] TT 248, 290, 305.
[8] Docket entry 7.
[9] 18 Pa.C.S. § 3125(a)(8).
[10] 18 Pa.C.S. § 3126(a)(8).
[11] 18 Pa.C.S. § 6301(a)(1).
[12] 18 Pa.C.S. § 3123(a)(7).

2

the same charges listed in the complaint.[13] After multiple defense continuances, defense counsel, James Marchewka, Esquire, requested an additional continuance and made a motion to withdraw as counsel, citing an ethical conflict in continuing to represent Defendant. The court granted the motion on June 12, 2007,[14] and Attorney Marchewka withdrew his appearance on June 15, 2007.[15] Kristen Clingerman, Esquire then made an additional motion for continuance on behalf of defendant, which the court denied on July 19, 2007.[16] [17] Attorney Clingerman again made a motion to continue the case, which the court denied on July 24, 2007.[18]

Defendant's jury trial was held from July 30, 2007 to August 3, 2007. On August 3, 2007, the jury rendered its verdict, finding Defendant guilty on all counts.[19] A Pre-Sentence Investigation was completed, and on November 27, 2007, the court sentenced Defendant as follows:

On count I. (a) on the charge of Aggravated Indecent Assault, a felony of the second degree:
Be transferred from the Washington County Correctional Facility to the Department of Corrections for placement in an appropriate state correctional facility for [a] period of no less than 4 years and no more than 8 years. This sentence is to run consecutively to the sentence the Defendant is currently serving at #248 of 2006.

On count I. (a) on the second count of Aggravated Indecent Assault, a felony of the second degree:
Be transferred from the Washington County Correctional Facility to the Department of Corrections for placement in an appropriate state correctional facility for [a] period of no less than 4 years and no more than 8 years. This sentence is to run consecutively to the sentence the Defendant is currently serving at #248 of 2006 and consecutively to count I. (a), the first count of Aggravated Indecent Assault.

---

[13] Docket entry 9.
[14] Docket entry 21.
[15] Docket entry 22.
[16] Docket entry 23.
[17] Attorney Clingerman had begun to represent Defendant at this time, but did not officially enter her appearance on the record until August 2, 2007. Docket entry 26.
[18] Docket entry 25.
[19] Docket entry 27.

On count I. (a) on the third count of Aggravated Indecent Assault, a felony of the second degree:

Be transferred from the Washington County Correctional Facility to the Department of Corrections for placement in an appropriate state correctional facility for [a] period of no less than 4 years and no more than 8 years. This sentence is to run consecutively to the sentence the Defendant is currently serving at #248 of 2006 and consecutively to count I. (a), 2 counts of Aggravated Indecent Assault.

No sentence is imposed on the charges of Indecent Assault, count I. (b), (3 counts), as those offenses merge with the three counts of Aggravated Indecent Assault for purposes of sentencing.

On Count I. (c), on the charge of Corruption of Minors, first count, a misdemeanor of the first degree, the Court sentences the Defendant to:

Be transferred from the Washington County Correctional Facility to the Department of Corrections for placement in an appropriate state correctional facility for [a] period of no less than 1 year and no more than 2 years. This sentence is to run consecutively to the sentence the Defendant is currently serving at #248 of 2006 and consecutively to count I. (a) 3 counts of Aggravated Indecent Assault.

On the charge of Corruption of Minors, second count, a misdemeanor of the first degree, the Court sentences the Defendant to:

Be transferred from the Washington County Correctional Facility to the Department of Corrections for placement in an appropriate state correctional facility for [a] period of no less than 1 year and no more than 2 years. This sentence is to run consecutively to the sentence the Defendant is currently serving at #248 of 2006 and consecutively to count I. (a) 3 counts of Aggravated Indecent Assault and to count I. (c) on the first count of Corruption of Minors.

On the charge of Corruption of Minors, third count, a misdemeanor of the first degree, the Court sentences the Defendant to:

Be transferred from the Washington County Correctional Facility to the Department of Corrections for placement in an appropriate state correctional facility for [a] period of no less than 1 year and no more than 2 years. This sentence is to run consecutively to the sentence the Defendant is currently serving at #248 of 2006 and consecutively to count I. (a) 3 counts of Aggravated Indecent Assault and to counts I. (c) and the first 2 counts of the charge of Corruption of Minors.

On the charge of Corruption of Minors, fourth count, a misdemeanor of the first degree, the Court sentences the Defendant to:

Be transferred from the Washington County Correctional Facility to the Department of Corrections for placement in an appropriate state correctional facility for [a] period of no less than 1 year and no more than 2 years. This

4

sentence is to run consecutively to the sentence the Defendant is currently serving at #248 of 2006 and consecutively to count I. (a) 3 counts of Aggravated Indecent Assault and to count I. (c) 3 counts of Corruption of Minors.

On the charge of Corruption of Minors, fifth count, a misdemeanor of the first degree, the Court sentences the Defendant to:
Be transferred from the Washington County Correctional Facility to the Department of Corrections for placement in an appropriate state correctional facility for [a] period of no less than 1 year and no more than 2 years. This sentence is to run consecutively to the sentence the Defendant is currently serving at #248 of 2006 and consecutively to count I. (a) 3 counts of Aggravated Indecent Assault and to count I. (c) 4 counts of Corruption of Minors.

On the charge of Corruption of Minors, sixth count, a misdemeanor of the first degree, the Court sentences the Defendant to:
Be transferred from the Washington County Correctional Facility to the Department of Corrections for placement in an appropriate state correctional facility for [a] period of no less than 1 year and no more than 2 years. This sentence is to run consecutively to the sentence the Defendant is currently serving at #248 of 2006 and consecutively to count I. (a) 3 counts of Aggravated Indecent Assault and to count I. (c) five counts of Corruption of Minors.

On the charge of Involuntary Deviate Sexual Intercourse, a felony of the first degree, the Court sentences the Defendant to:
Be transferred from the Washington County Correctional Facility to the Department of Corrections for placement in an appropriate state correctional facility for [a] period of no less than 6 year[s] and no more than 12 years. This sentence is to run consecutively to the sentence the Defendant is currently serving at #248 of 2006 and consecutively to count I. (a) 3 counts of Aggravated Indecent Assault and to count I. (c) 6 counts of Corruption of Minors.

Upon successful completion of the Defendant's minimum sentence he shall be released from further incarceration to be placed on parole to be supervised by the Pennsylvania State Board of Probation and Parole for the balance of his sentence.

The total of all sentences is 24 years to 48 years.[20]

Attorney Clingerman withdrew her appearance on December 14, 2007.[21] On December 17, 2007, Defendant filed his notice of appeal, represented by the Office of the Public Defender.[22] The court amended Defendant's sentence on January 16, 2008 and July 31, 2008 to

---

[20] Docket entry 31.
[21] Docket entry 32.
[22] Docket entry 33.

5

run concurrently to his sentence at #248 of 2006 and to acknowledge that three (3) of the counts of Corruption of Minors would merge with the three (3) counts of Aggravated Indecent Assault, thus reducing the total sentence to a term of 21 to 42 years of incarceration.[23] On September 4, 2008, the Superior Court of Pennsylvania affirmed Defendant's conviction, but admonished the nature of the post-sentence proceedings and Defendant's representation, recommending that Defendant seek Post-Conviction relief to reinstate his appellate rights.[24] Defendant then filed a motion to remove the Public Defender as his representation on July 6, 2010.[25] On July 27, 2010, the Office of the Public Defender made a motion to withdraw as counsel for Defendant, which the court granted.[26] The court then appointed Jeffrey Watson, Esquire to represent Defendant on September 1, 2010.[27]

On September 30, 2010, Defendant filed his PCRA petition seeking reinstatement of his appellate rights.[28] The court granted Defendant's petition on September 1, 2011 and reinstated all of his appellate rights, including the right to file post-sentence motions.[29] Defendant filed post-sentence motions on September 20, 2011,[30] which were denied by operation of law.[31] Defendant then filed his notice of appeal on February 21, 2012.[32] Defendant filed his concise statement of matters complained of on appeal on March 13, 2012,[33] and an amended concise statement on March 21, 2012.[34] The trial court issued its opinion on January 4, 2013.[35]

The Superior Court then issued its opinion, dated January 27, 2014 and lodged with the

---

[23] Docket entry 37, 40
[24] Docket entry 46.
[25] Docket entry 47.
[26] Docket entry 48.
[27] Docket entry 49.
[28] Docket entry 50.
[29] Docket entry 54.
[30] Docket entry 55.
[31] Docket entry 58, 65.
[32] Docket entry 59.
[33] Docket entry 62.
[34] Docket entry 64.
[35] Docket entry 67.

6

Clerk of Courts of Washington County on October 21, 2014, affirming Defendant's conviction and sentence.[36]

Defendant filed a pro se PCRA petition, dated June 28, 2015 and lodged with the Clerk of Courts on July 14, 2015, claiming his attorneys were all ineffective and that his sentence was illegal, specifically asserting the following claims: (1) counsel failed to "investigate the case and prepare an adequate defense for trial," (2) counsel "failed to protect Defendant at trial during cross-examination by the Commonwealth, whereby the Commonwealth investigated the case at trial, introduced objectionable questioning that had no basis of fact (sic), nor did the Commonwealth present any witnesses to support their interrogatories and defense counsel mounted no defense against it," (3) counsel "failed to object to the trial judge's direct involvement with plea negotiations just prior to the commencement of trial; and for also failing to protect Defendant's Constitutional interests to a fair trial following Attorney Marchewk's (sic) private conversations with the trial judge following his termination as counsel by Defendant," (4) "the fashioned sentence in this case is illegal, unconstitutional, and not consistent with the facts of this case," and (5) "the cumulative nature of the errors in this case so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place."[37] The court then appointed Stephen Paul, Esquire to represent Defendant on July 16, 2015.[38]

On April 28, 2016, Attorney Paul filed his motion to withdraw as counsel and an accompanying *Turner/Finley*[39] letter, asserting that Defendant's claims had no merit.[40] The court then, on May 20, 2016, provided Defendant with notice pursuant to Pa.R.Crim.P. Rule 907 that

---

[36] Docket entry 71.

[37] Docket entry 72.

[38] Docket entry 73.

[39] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (1988).

[40] Docket entry 76. The record reflects that the court had previously granted counsel's motion to withdraw on April 18, 2016, Docket entry 75. The reason for the delay of 10 days in the filing of the no merit letter following the court's initial granting of counsel's motion to withdraw is unclear based on the record.

7

his petition would be denied twenty (20) days from the date of the notice.[41] Defendant filed a response to that notice, dated June 4, 2016 and lodged with the Clerk of Courts on June 20, 2016.[42] The court subsequently dismissed Defendant's petition as meritless on August 2, 2016.[43]

Defendant then filed his notice of appeal of the dismissal of his PCRA petition on August 30, 2016,[44] and his statement of matters complained of on appeal, dated September 29, 2016, was lodged with the Clerk of Courts on October 14, 2016, and raised the following issues, verbatim:

1.    WAS THE PCRA COURT IN ERROR WHEN IT DISMISSED APPELLANT'S PCRA PETITION, WITHOUT AN EVIDENTIARY HEARING, AND DEEMED AS NOT HAVING MERIT; WHEREBY APPELLANT LAID OUT IN HIS PCRA PETITION CLAIM-I, A DETAILED ARGUMENT DEMONSTRATING THAT HIS PRE-TRIAL COUNSEL (MARCHEWKA) AND PRE-TRIAL/TRIAL COUNSEL (KLINGERMAN) (sic) PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN THEIR REPRESENTATION AS GUARANTEED THE BY (sic) 5TH, 6TH, AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION; IN FAILING TO INVESTIGATE THE CASE AND PREPARE AN ADEQUATE DEFENSE; PARTICULARLY IN THEIR FAILURE TO PROPERLY RECEIVE AND OBTAIN DISCOVERY, FAILURE TO INVESTIGATE THE MERITS OF THE PRIVATE INVESTIGATOR'S INVOLVEMENT, INTERVIEW PRIOR TO TRIAL MULTIPLE NAMED CHILD EYEWITNESSES WITH MOST OF THE CHARGES WHERE EVIDENCE HAD ALREADY EXISTED TO SUGGEST THEY POSSESSED EXCULPATORY INFORMATION OF WHICH WAS PROBATIVE, AND THE FAILURE TO UTILIZE AVAILABLE DEFENSE EVIDENCE, I.E.; CELL PHONE RECORDS, INFORMATION ON THE PRIVATE INVESTIGATOR'S CHARACTER AND TAINT, A PRIVATE CRIMINAL COMPLAINED (sic) LODGED BY APPELLANT'S EMPLOYER AGAINST, INTER ALIA, THE PRIVATE INVESTIGATOR, ELECTRONIC INSTANT MESSAGES FROM APPELLANT'S SON JUST PRIOR TO CHARGES IN THIS CASE THAT SHOW TAINT BY THE INVESTIGATOR, EVIDENCE OF ALIBI, AND COMCAST MOVIE RENTALS; ALL OF WHICH EITHER INDEPENDENTLY OR AS A WHOLE WOULD HAVE BEEN VITAL IN REFUTING THE CHARGES AT TRIAL, AND TO A DEGREE OF PREJUDICE THAT SO UNDERMINED THE TRUTH DETERMINING PROCESS THAT NO RELIABLE ADJUDICATION OF GUILT OR INNOCENCE COULD EVER HAVE OCCURRED WITHOUT THE BENEFIT FOR THE JURY TO CONSIDER DEFENSE EVIDENCE NOT

---

[41] Docket entry 77.
[42] Docket entry 78.
[43] Docket entry 79.
[44] Docket entry 80.

8

OTHERWISE PRESENTED AT TRIAL?

2.   WAS THE PCRA COURT IN ERROR WHEN IT DISMISSED APPELLANT'S PETITION WITHOUT AN EVIDENTIARY HEARING, AND DEEMED AS NOT HAVING MERIT; WHEREBY APPELLANT LAID OUT IN HIS PCRA PETITION CLAIM-II, INFORMATION AND PROPOSED TESTIMONY OF DEFENSE WITNESSES TO TESTIFY AT THE EVIDENTIARY HEARING, NONE OF WHICH WERE CONTACTED BY PCRA COUNSEL, AND NONE OF WHICH WERE INVESTIGATED OR CONTACTED BY PRE-TRIAL COUNSEL (MARCHEWKA) OR PRE-TRIAL/TRIAL COUNSEL (KLINGERMAN), (sic) OF WHICH TESTIMONY WOULD HAVE DEMONSTRATED THAT THE COMMONWEALTH ENGAGED IN RECKLESS INTRODUCTION OF A PARTICULAR LINE OF QUESTIONING OF APPELLANT AT TRIAL REGARDING INFORMATION THAT WAS CLEARLY NOT SUPPORTIVE (sic) BY FACTS AND HAD NO OTHER PURPOSE OTHER THAN TO CONFUSE AND PREJUDICE THE JURY; DESPITE THE CLAIM HAVING BEEN PREVIOUSLY RAISED ON DIRECT APPEAL BUT WITHOUT THE INCLUSION OR BENEFIT OF THE LARGE VOLUME OF NEW INFORMATION CONTAINED IN APPELLANT'S PETITION REGARDING NEW EVIDENCE AND TESTIMONY NOT PRESENTED AT TRIAL OR AVAILABLE ON DIRECT APPELLATE RREVIEW? (sic)

3.   WAS THE PCRA COURT IN ERROR IN FAILING TO CONDUCT AN EVIDENTIARY HEARING, AND IN DENYING APELLANT'S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE JUDGE'S PARTICIPATION WITH DIRECT, BEHIND CLOSED DOORS PLEA NEGOTIATIONS, IN JUDGE'S CHAMBERS, JUST PRIOR TO THE COMMENCEMENT OF TRIAL ON THE MORNING OF JULY 30, 2007; AND FOR FAILING TO DISCLOSE THE NATURE OF THE EX PARTE COMMUNICATION WHEN ASKED BY APPELLANT AT PREVIOUS HEARINGS?

4.   WAS THE SENTENCING COURT IN ERROR WHEN MANDATORY MINIMUM SENTENCING WAS UTILIZED IN FASHIONING HIS SENTENCE; AND WAS DIRECT APPEAL COUNSEL INEFFECTIVE IN FAILING TO PROPERLY RAISE THE ISSUE ON DIRECT APPEAL DURING THE REQUIRED TIME FOR RAISING SUCH CLAIM CONSISTENT WITH RECENTLY DECIDED FEDERAL CASE LAW AFFECTING MINIMUM SENTENCING IN PENNSYLVANIA?

5.   WAS PCRA COUNSEL INEFFECTIVE IN FAILING TO REQUEST FORMAL DISCOVERY, AS REQUESTED IN THE PCRA PETITION, FOR NOTES OF TRANSCRIPTS OF AN IN-CAMERA HEARING CONDUCTED IN CHAMBERS ON JUNE 12, 2007, RELATED TO FORMER PRE-TRIAL COUNSEL'S (MARCHEWKA) TERMINATION OF REPRESENTATION

AND HIS RECUSAL IN THIS CASE; DESPITE APPELLANT CITING EXCEPTIONAL CIRCUMSTANCES IN HIS PETITION?

6. WAS THE PCRA COURT IN EROR, AND WAS PCRA COUNSEL INEFFECTIVE FOR FAILING TO CONSIDER THE CUMULATIVE EFFECTS OF ALL THE ERRORS IN THIS CASE?[45]

## Legal Analysis

The trial court finds that Defendant's claims have no merit, and thus, that it did not err in dismissing Defendant's PCRA petition.

The PCRA provides in pertinent part that:

(a) **General rule.** – To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

\* \* \*

(2) That the conviction or sentence resulted from one or more of the following:

·(i) a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

\* \* \*

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

---

[45] Docket entry 81.

10

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction

(3) That the allegation of error has not been previously litigated or waived.[46]

Even where an issue has been "previously litigated,"[47] a claim of counsel's ineffectiveness has been held to be a distinct legal claim, separate from the underlying issue, and thus reviewable on collateral appeal.[48]

The majority of Defendant's issues are couched in claims of ineffectiveness, so it seems that these issues may have not been previously litigated, as viewed by our existing laws.[49] However, when a petitioner claims ineffectiveness of counsel, the law presupposes that counsel was effective.[50] To overcome this presumption, a petitioner must satisfy a long-standing three-pronged test, and show that "(1) the underlying claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; **and** (3) the petitioner suffered prejudice as a result of that counsel's deficient performance."[51] Additionally, our courts have held that counsel cannot under any circumstances be found to be ineffective for failing to raise a meritless claim.[52]

The court, in an attempt to assign some order to the erratic nature of Defendant's petition, will address his claims one by one. The first issue in Defendant's petition asserted that counsel was ineffective at trial, and broke this claim down into seven (7) separate, yet lengthy, subsections. None of these issues has arguable underlying merit, counsel had a reasonable basis

---

[46] 42 Pa.C.S. § 9543.

[47] *Id.* at § 9543(a)(3).

[48] *Commonwealth v. Collins,* 585 Pa. 45, 57-58, 888 A.2d 564, 571 (2005).

[49] *Id.*

[50] *Commonwealth v. Mason,* ___ Pa. ___, 130 A.3d 601, 618 (2015).

[51] *Commonwealth v. Collins, supra.* at 61, 573 (citing *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973, 976-977 (1987)) (emphasis added).

[52] *Commonwealth v. Jones,* 571 Pa. 112, 131, 811 A.2d 994, 1005 (2002).

11

for the claimed inaction, and Defendant was not prejudiced by said inaction. Therefore, the PCRA court properly dismissed the claim. Again, however, in the interest of clarity, the court will address each subsection individually.

The first subsection asserted that counsel should have introduced evidence of electronic messages between Defendant and his stepsons that Defendant alleges would have shown the taint of certain witnesses against him. However, as correctly pointed out by PCRA counsel in his "no merit" letter, without presenting some sort of evidence suggesting that additional information beyond what was already known would have been uncovered, a claim of ineffectiveness on those grounds will fail.[53] Since Defendant offers nothing to support the claims he makes in this regard, there is no merit to his claim that counsel was ineffective for failing to introduce these purported communications as evidence.

The second subsection relates to the involvement of Lisa Cherish, a private investigator who did not testify at trial, and Defendant's claim that counsel was ineffective for failing to investigate that issue further. Defendant again offers little apart from speculation as to what would have been uncovered had counsel engaged in the additional investigation he claims should have been completed prior to his trial. The Superior Court has held that such a baseless claim is insufficient to support an assertion of counsel ineffectiveness.[54] Indeed, as stated above, without presenting some sort of support suggesting that additional information beyond what was already known would have been uncovered from that action, a claim of ineffectiveness on those grounds will fail.[55]

Defendant's offers nothing but bald speculation to support what he avers could have been uncovered by the completion of a further investigation into the matter by his trial counsel. In

[53] *Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293 (1999).
[54] *Commonwealth v. Tedford*, 598 Pa. 639, 683, 960 A.2d 1, 27 (2008).
[55] *Commonwealth v. Pursell, supra.*

12

fact, the Superior Court addressed his assertions as they related to Ms. Cherish, in the context of Defendant's challenge to the trial court's denial of his application for continuance. The Superior Court held that there existed "no indication what Cherish would have testified to or whether she had any information helpful to [Defendant]."[56] Therefore, as Defendant continues to offer no evidence to support his claim, and the issue has been determined to have no underlying merit, it also fails.

The third subsection relates to purported cell phone records which Defendant asserts would have connected Defendant's ex-wife, Victim's mother, and Lisa Cherish to an extent which would support his claim of a conspiracy against him to taint witnesses. Defendant asserts that these parties withheld the amount of communication between them, and that he is therefore somehow entitled to relief. However, Defendant once again offers little to support the claim, and the essence of the claim is belied by the record.

Communication between these parties was disclosed at trial through the testimony of Victim's mother and Defendant's ex-wife. The testimony showed that these conversations related to the interviews being conducted by the police and the contact Defendant's ex-wife had with Lisa Cherish regarding PFA proceedings against Defendant.[57] Therefore, as evidence of these calls was presented at trial and the alleged contradictions in these witnesses' testimony did not exist, Defendant's claim has no arguable underlying merit in that regard. Defendant offers no legitimate argument as to how counsel's failure to introduce those purported records had no reasonable basis.

The fourth subsection asserted that trial counsel was ineffective for failing to call a number of children as witnesses whom were alleged to have been present at the time of the some

---

[56] Docket entry 71 at 16.
[57] See TT 94-95, 356-366.

13

of the offenses. This claim also has no merit. When claiming ineffectiveness for failing to call a witness, a defendant must establish that "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial."[58] To show prejudice in this regard, a defendant must "show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case."[59] Indeed, it has been held that counsel cannot be found ineffective by not calling a witness to testify "unless the petitioner can show that the witness's testimony would have been helpful to the defense."[60]

Here, Defendant asserts that counsel was ineffective for failing to call minor children who were present in Defendant's home on some of the occasions when Defendant assaulted Victim. Defendant claims that these children, had they been called as witnesses, would have testified that they never saw Defendant assault Victim. However, this testimony would not have been of any help to the defense because it was never disputed that these other children did not actually see the sexual assaults occur. Indeed, it was established that on two of the occasions, these other children were focused on the television in the room, rather than Defendant and Victim, and on the third occasion, none of the children were present.[61] It is clear that counsel was reasonable in determining that having multiple children testify to something that was already established would not have been helpful to the defense, and thus, counsel could not be ineffective for failing to call those witnesses.

---

[58] *Commonwealth v. Johnson*, 600 Pa. 329, 351, 966 A.2d 523, 536 (2009) (quoting *Commonwealth v. Washington*, 592 Pa. 698, 927 A.2d 586, 599 (2007)).
[59] *Id.* at 351-352, 536 (quoting *Commonwealth v. Gibson*, 597 Pa. 402, 951 A.2d 1110, 1134 (2008)).
[60] *Commonwealth v. Sneed*, 616 Pa. 1, 23, 45 A.3d 1096, 1109 (citing *Commonwealth v. Auker*, 545 Pa. 521, 681 A.2d 1305, 1319 (1996)).
[61] *See* TT 230-245.

14

Defendant also suggests here that counsel was ineffective for failing to investigate these witnesses further in addition to failing to call them as witnesses. However, Defendant fails to mention that these witnesses were interviewed by the Child Advocacy Unit at Children's Hospital, as well as at the Washington County Children's Advocacy Unit, and that counsel possessed and had reviewed the transcripts of these interviews. Defendant does not posit any additional facts or information which could have arisen from any further investigation into these child witnesses, other than the assertion that they would have testified to having not seen the offenses occur. As addressed above, this is inadequate to show that counsel was ineffective, and thus Defendant's claim also fails in this regard.

The fifth subsection of Defendant's first issue asserted that counsel was ineffective for failing to present certain pieces of evidence which he claimed constitute an alibi defense. Specifically, he claims that certain receipts and cell phone call data would have shown that he was either in a different location at the time of the events, or using his phone at the time rather than sexually assaulting Victim.

"To show ineffectiveness for failing to present alibi evidence, [Defendant] must establish that counsel could have no reasonable basis for his act or omission."[62] Defendant's petition offers no such proof. As there was no specific date and time stated at trial for when these assaults occurred, and Defendant admitted to having been in the room watching movies with Victim and other children when Victim stated that two of the assaults occurred, entering receipts and phone records as evidence to "narrow[] the dates and times for which the alleged assaults were described [sic] and . . . place[] Defendant in other locations where some of the alleged assaults were to have happened [sic]"[63] would not have established anything that was not already known

---

[62] *Commonwealth v. Rainey*, 593 Pa. 67, 98, 928 A.2d 215, 234 (2007).
[63] Docket entry 72 at 54.

15

at trial, and would not have provided a legitimate alibi for Defendant. Therefore, it cannot be said that counsel had "no reasonable basis"[64] for not pursuing this theory, and thus this claim also has no merit.

The sixth subsection of Defendant's first issue asserted that counsel was ineffective for failing to present Comcast cable invoices allegedly showing that pornographic films were rented on his ex-wife's account and that this was relevant to discredit her testimony. However, there is no merit to this claim, counsel could reasonably have determined that this claim had no relevance to the case even if there were some proof the evidence existed, and Defendant offers no argument which shows how he was prejudiced by counsel's failing to present this evidence, other than a bald assertion that it could have somehow discredited his ex-wife's testimony against him.[65] Therefore, this claim also has no merit.

The seventh and final subsection of Defendant's first claim asserted that counsel was ineffective for failing to adequately present his motion to suppress evidence obtained from his private computer by his ex-wife. Although it is couched in an ineffectiveness claim, this claim also fails as the underlying issue of the suppression has already been addressed by the Superior Court on direct appeal, which affirmed that the information from that computer was both relevant and admissible.[66] Therefore, since the underlying claim has no arguable merit, counsel could not have been ineffective in that regard, and thus this claim also fails.

In his second issue, Defendant claimed that counsel was ineffective at trial for failing to "protect" him during cross-examination and object to certain lines of questioning from the Commonwealth. This claim also has no underlying merit, and Defendant was not prejudiced by the claimed inaction of counsel. Therefore, the PCRA court properly dismissed the claim.

---

[64] *Commonwealth v. Rainey, supra.*
[65] *Commonwealth v. Collins, supra.*
[66] Docket entry 71 at 19-22.

16

Again, to establish ineffectiveness of counsel, Defendant must prove that the underlying claim has arguable merit, counsel had no reasonable basis for her action or inaction, and Defendant was prejudiced as a result.[67] As with the seventh section of Defendant's first claim, although Defendant couches this claim in terms of ineffectiveness, the underlying issue was already addressed by the Superior Court. In its opinion, the Superior Court held that the lines of questioning to which Defendant now takes exception were relevant and proper at that time.[68] Therefore, it is clear that the underlying claim has no arguable merit, and thus, counsel could not be ineffective based on Defendant's second claim.

Defendant's third issue asserted that trial counsel was ineffective for failing to object to the trial court's alleged involvement in plea negotiations, and that counsel failed to protect his right to a fair trial after attorney Marchewka spoke to the trial judge in relation to his ethical conflict and desire to withdraw as counsel. Again, these assertions have no underlying merit, and Defendant suffered no prejudice as the result of the alleged inaction from counsel, and thus, the court properly dismissed the claim.

As Defendant did not enter a guilty plea in this case, nothing involving his alleged plea negotiations could rise to the level of prejudice. Defendant suggests that the circumstances leading to Attorney Marchewka's withdrawal and the trial court's alleged "involvement with plea negotiations"[69] show that the court was not impartial in his case, and that counsel was ineffective for failing to challenge the court on this matter. However, Defendant offers no examples where the court showed any partiality, other than in denying his motion for a continuance, which was also determined by the Superior Court to have been proper.[70] Therefore,

---

[67] *Commonwealth v. Collins, supra.*
[68] Docket entry 71 at 16-19.
[69] Docket entry 72 at 75.
[70] Docket entry 71 at 16.

17

as the underlying claim has no merit and Defendant suffered no prejudice, Defendant's third claim was properly dismissed.

In his fourth issue, Defendant claimed that his sentence was illegal due to the court issuing a mandatory minimum sentence and due to the sentence being influenced by what Defendant asserted as being inappropriate and incorrect aggravating factors.[71] Defendant cited to a case captioned *Commonwealth v. Hopkins* in his petition to support this claim,[72] In reference to the "mandatory minimum" sentence claimed by Defendant, the court assumes that Defendant was asserting that he was given a mandatory minimum sentence, and that such a sentence was rendered unconstitutional by the United States Supreme Court decision in *Alleyne v. United States*[73] and its progeny, and that this qualifies him for some relief. This argument fails for several reasons. First, the court did not impose a mandatory sentence on any of the charges, but rather imposed consecutive sentences within the aggravated sentencing guideline range, based on the specific circumstances of the instant case, which the Superior Court held to be appropriate.[74] Second, even if the court had imposed a mandatory sentence in this case, the 2013 decision in *Alleyne* was held to not apply retroactively to prior sentences,[75] and thus would not apply to Defendant's 2007 sentence.

In regard to Defendant's alternative assertion that the court relied on improper aggravating factors in fashioning its sentence, this claim is also without merit. As PCRA counsel correctly stated in his "no merit" letter, this is a challenge to the discretionary aspects of

---

[71] Defendant also asserts in his 1925(b) statement that appellate counsel was ineffective for failing to raise the sentencing issue on direct appeal. This claim was not included in Defendant's original petition and is therefore waived. Pa. R.A.P., Rule 302(a).

[72] It appears that the case referenced by Defendant is *Commonwealth v. Hopkins*, 632 Pa. 36, 117 A.3d 247 (2015), which held that a mandatory minimum sentence for trafficking drugs to minors ran afoul of the Constitutional protections identified in *Alleyne v. U.S.*

[73] ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed. 314 (2013).

[74] *See* docket entry 71.

[75] *See Commonwealth v. Washington*, ___ Pa. ___, 142 A.3d 810 (2016). *See also U.S. v. Winkleman*, 746 F.3d 134 (3d Cir. 2014).

18

Defendant's sentence, and is not cognizable in a PCRA proceeding.[76] Additionally, the Superior Court already addressed the propriety of Defendant's sentence in its January 27, 2014 opinion, and found that the sentencing court committed no error in that regard.[77] Therefore, neither of Defendant's bases for claiming he received an illegal sentence has merit. It thus follows that even as a cognizable ineffectiveness claim, it has no underlying arguable merit, and counsel could not be ineffective for failing to raise the claim even had the ineffectiveness claim not been waived.[78]

In the fifth claim in his 1925(b) statement,[79] Defendant asserted that trial counsel was ineffective for failing to request discovery in relation to attorney Marchewka's withdrawal as counsel. The court finds that this claim was not raised in Defendant's petition, and is therefore waived.[80] Even had it been raised in the petition, once again, this claim has no underlying merit, and Defendant suffered no prejudice as a result of counsel's inaction in this regard. Therefore, the court properly dismissed the claim.

Once more, as stated above, to prevail on a claim of ineffectiveness, the Defendant must prove that the underlying claim has arguable merit, that counsel did not have a reasonable basis for the action or inaction, and that the action or failure to act resulted in prejudice to the Defendant.[81] Here, there is no merit to Defendant's underlying claim, and he suffered no prejudice. It is unclear what Defendant would claim as the prejudice he suffered other than perhaps again raising the issue of the denial of his continuance motion or his assertion that Attorney Clingerman was ineffective for any of the above reasons. However, since counsel was

---

[76] *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007)(citing *Commonwealth v. Friend*, 896 A.2d 607, 616 n. 15 (Pa. Super. 2006)).

[77] Docket entry 71.

[78] *Commonwealth v. Mason, supra.*

[79] Docket entry 81.

[80] Pa.R.A.P., Rule 302(a).

[81] *Commonwealth v. Collins, supra.*

19

effective and Defendant suffered no prejudice based on Attorney Clingerman's representation, it follows that this claim would also have no merit even had it been properly raised in his petition.

Finally, Defendant asserted in what was the fifth claim of his petition and the sixth claim of his 1925(b) statement that he is entitled to a new trial due to the "cumulative nature of the errors in this case." This assertion, as with Defendant's prior issues, has no merit, and thus, the court properly dismissed the claim. As there is no merit in any of Defendant's individual claims, it follows that the claims taken cumulatively would also have no merit. Defendant received a fair trial and a legal sentence, and counsel provided effective representation throughout the process. Therefore, Defendant's final claim is also meritless.

For the reasons set forth, the trial court submits that Defendant failed to prove that he is entitled to relief under the Post Conviction Relief Act. The court therefore submits that the denial of Defendant's PCRA petition should be affirmed.

Date:

_2/14/17_

By the Court,

_____, J.
John F. DiSalle, Judge

20