DLD-262                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1966
_____

IN RE: LARRY CHARLES,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa Civ. Nos. 2-13-cv-07548 & 2-14-cv-00189)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 25, 2017
Before:  CHAGARES, VANASKIE, and KRAUSE, Circuit Judges

(Opinion filed: June 14, 2017)
_____

OPINION*
_____

PER CURIAM

    In this mandamus petition, Larry Charles "seeks an Order to compel the United

States District Court for the Eastern District of Pennsylvania to issue a Certificate of

Appealability" in connection with a 28 U.S.C. § 2254 petition he filed in 2013.  Because

mandamus may "not be used as a substitute for the regular appeals process," Cheney v.

U.S. Dist. Court, 542 U.S. 367, 380–81, (2004), we will deny Charles' petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Charles filed a § 2254 petition in 2013, seeking to attack a 25–50 year sentence imposed after he pleaded no contest to various sex crimes in Philadelphia County. The District Court denied his petition and his request for a certificate of appealability. We denied his request for a certificate of appealability—concluding that "jurists of reason would not debate the District Court's assessment of his constitutional claims"— and also denied his request for rehearing. C.A. No. 15-3064. The Supreme Court denied his petition for a writ of certiorari, and also his petition for rehearing. Charles v. Harry, 137 S. Ct. 671, reh'g denied, 137 S. Ct. 1369 (2017).

Charles has exhausted all avenues to appeal the District Court's denial of his request for a certificate of appealability—and has lost. He may not now use mandamus as yet another attempt at an appeal. Cheney, 542 U.S. at 380–81. We will deny his petition.[1]

---

[1] In the alternative, Charles asks us to recall our mandate denying his request for a certificate of appealability—a request that is "regarded as a second or successive application for purposes of [28 U.S.C.] § 2244(b)." Calderon v. Thompson, 523 U.S. 538, 553 (1998). Because Charles cannot meet § 2244(b)'s gatekeeping requirements— he does not claim to have newly discovered evidence of his actual innocence, or rely on a new rule of constitutional law, made retroactive to cases on collateral review—we will not recall our mandate. See United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014).