ALD-254                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2139
_____

IN RE: LARRY CHARLES,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Civ. Nos. 2-13-cv-07548 & 2-14-cv-00189)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 28, 2018
Before:  MCKEE, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed:  October 19, 2018)
_____

OPINION*
_____

PER CURIAM

    In this mandamus petition, Larry Charles once again "seeks a mandamus to

compel the United States District Court for the Eastern District of Pennsylvania to issue a

Certificate of Appealability" in connection with a 28 U.S.C. § 2254 petition he filed in

2013.  We will deny Charles' petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Charles filed a § 2254 petition in 2013, seeking to attack a 25–50 year sentence imposed after he pleaded no contest to various sex crimes in Philadelphia County. The District Court denied his petition and his request for a certificate of appealability. We denied his request for a certificate of appealability—concluding that "jurists of reason would not debate the District Court's assessment of his constitutional claims"— and also denied his request for rehearing. C.A. No. 15-3064. The Supreme Court denied his petition for a writ of certiorari, and also his petition for rehearing. Charles v. Harry, 137 S. Ct. 671, reh'g denied, 137 S. Ct. 1369 (2017).

Charles then filed his first petition for a writ of mandamus, requesting an order to compel the District Court to issue a certificate of appealability. We denied his mandamus petition, In re Charles, 690 F. App'x 791 (3d Cir. 2017), and also denied his request for rehearing, C.A. No. 17-1966. The Supreme Court denied his petition for a writ of mandamus, and also his petition for rehearing. In re Charles, 138 S. Ct. 997, reh'g denied, 138 S. Ct. 1589 (2018).

Charles again seeks to challenge the District Court's denial of his request for a certificate of appealability. When Charles previously sought mandamus relief based on the same arguments he now raises, we ruled that he had "exhausted all avenues to appeal the District Court's denial of his request for a certificate of appealability—and has lost. He may not now use mandamus as yet another attempt at an appeal." In re Charles, 690 F. App'x at 791 (citing Cheney v. U.S. Dist. Court, 542 U.S. 367, 380–81 (2004)). The

2

same analysis applies here.  Accordingly, will deny Charles' mandamus petition.[1]

Charles' motion to accept his petition which exceeds the page limitation is granted.

---

[1] In the alternative, Charles once again asks us to recall our mandate denying his request for a certificate of appealability.  We previously denied his request, which is "regarded as a second or successive application for purposes of [28 U.S.C.] § 2244(b)," Calderon v. Thompson, 523 U.S. 538, 553 (1998), because it did not meet § 2244(b)'s gatekeeping requirements, see United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014).  In re Charles, 690 F. App'x at 791 n.1.  For the same reasons we previously expressed, we will not recall our mandate.